# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KEITH NORMANDIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>OPTIMUM OUTCOMES, INC.,<br><br>        Defendant. | Case No.: 17-cv-89<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Keith Normandin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family or household purposes, namely alleged medical debts.

5. Defendant Optimum Outcomes, Inc. ("Optimum") is a debt collection agency with its principal offices located at 2651 Warrenville Road, Suite 500, Downers Grove, IL 60515.

6. Optimum is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Optimum is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Optimum is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 27, 2016, Optimum mailed two debt collection letters to Plaintiff regarding an alleged debt, allegedly owed to "The Medical College of Wisconsin Community Physicians" ("MCW"). Copies of these letters are attached to this complaint as Exhibit A and Exhibit B.

9. The debt referenced in Exhibit A and Exhibit B was incurred for personal medical services.

10. Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, MCW mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment'").

11. Upon information and belief, Exhibit A and Exhibit B are form letters, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A and Exhibit B are form debt collection letters used by Optimum to attempt to collect alleged debts.

13. Exhibit A and Exhibit B were the first letters that Optimum sent to Plaintiff with respect to Plaintiff's alleged MCW debt.

14. Exhibit A and Exhibit B both contain the required debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g(a).

15. Exhibit A seeks to collect an alleged MCW medical account with the last four numbers 3976 and a Balance of $329.80.

16. Exhibit B seeks to collect an alleged MCW medical account with the last four numbers 3976 and a Total Balance Due of $331.09.

17. Plaintiff did not make any payment to Optimum, MCW or anyone else, in the time period between one month before Optimum sent Exhibits A and B and the present.

18. Exhibits A and B misrepresent the actual amount of the debt.

19. Exhibit A says the "Balance" is $329.80, while Exhibit B says the "Total Balance Due" on the same account on the same day is $331.09. The unsophisticated consumer would be confused as to the amount owed.

20. Such misrepresentations are material because they mislead the unsophisticated consumer about the amount and character of the debt. 15 U.S.C. § 1692e(2)(a).

21. Looking at the letters together, the unsophisticated consumer would be baffled as to whether a payment of the total balance in either of the letters would actually pay off the alleged debt.

22. Moreover, the varying amounts may reflect an incorrect belief on Optimum's or the creditor's part that Plaintiff made a payment. Under Wisconsin law, a payment restarts the statute of limitations. *Liberty Credit Servs. v. Quinn*, 276 Wis. 2d 826, 688 N.W.2d 768 (Ct.

App. 2004) ("A partial payment on the contractual obligation made before the statute of limitations has run tolls the statute and sets it running from the date of payment.").

23. The Seventh Circuit has held that a debt collector must state the amount of the debt without "obscur[ing] it by adding confusing other information (or misinformation)." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 2000 U.S. App. LEXIS 12178 (7th Cir. Ill. 2000); *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997).

24. Plaintiff was confused by <u>Exhibit A</u> and <u>Exhibit B</u>.

25. Plaintiff had to spend time and money investigating <u>Exhibit A</u> and <u>Exhibit B</u> and the consequences of any potential responses to <u>Exhibit A</u> and <u>Exhibit B</u>.

26. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of <u>Exhibit A</u> and <u>Exhibit B</u>.

27. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

31. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;

5

## COUNT I – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Optimum's letters are misleading and confusing to the unsophisticated consumer, in that the balances stated for the same account on the same day are different, despite no payment being made.

34. The unsophisticated consumer would have no idea what the actual balance was, or whether Optimum or the creditor was attempting to toll and restart the statute of limitations with a sham record of a payment by Plaintiff.

35. Optimum misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(a) and, with respect to the initial letter for each alleged debt, 15 U.S.C. § 1692g.

36. Optimum's letter is confusing to the unsophisticated consumer, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692g(a)(1).

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent initial collection letters in the form represented by Exhibits A and B, (c) which listed different balances, (d) for the same account on the same day, (e) seeking to collect a debt for personal, family or household purposes, (f) between January 19, 2016 and January 19, 2017, inclusive, (g) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692g(a)(1).

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 19, 2017

                              **ADEMI & O'REILLY, LLP**

                    By:   s/ John D. Blythin
                          Shpetim Ademi (SBN 1026973)
                          John D. Blythin (SBN 1046105)
                          Mark A. Eldridge (SBN 1089944)
                          Denise L. Morris (SBN 1097911)
                          3620 East Layton Avenue
                          Cudahy, WI 53110
                          (414) 482-8000
                          (414) 482-8001 (fax)

sademi@ademilaw.com  
jblythin@ademilaw.com  
meldridge@ademilaw.com  
dmorris@ademilaw.com